[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE THE VERDICT
In order to determine whether the verdict should be set aside, the "evidential under-pinnings" of the verdict itself must be examined. Whether the court would have reached a different verdict is not in itself decisive. In cases such as this the parties have a constitutional right to have issues of fact decided by the jury. The right of a trial by jury includes the right to have issues of fact as to which there is room for reasonable differences of opinion among fair minded men passed upon by the jury and not by the court. The verdict will not be distributed if there is any reasonable ground appearing in the evidence on which the jury might have acted.
This case was a predicated on allegations of common law and statutory negligence in the complaint and allegations of common law and statutory negligence in the special defenses.
CGS Sec. 52-572h(b) mandates that the jury must find that plaintiff's contributory negligence was not greater than the combined negligence of the person or persons against when recovery is sought in order to recover damages for personal injury . . .
The jury was properly instructed that if they "unanimously find" plaintiff to be fifty-one percent or more contributorily negligent they must return a verdict for defendants.
It is reasonable to conclude the jury found plaintiff to be fifty-one percent or more contributorily negligent.
The court cannot "second guess" the jury's verdict. The allegations "by way of special defense" provide a wide spectrum of contributory negligence on the part of the plaintiff. The jury was properly instructed on the mechanics of CGS Sec. 52-572h(b).
This general verdict for the defendants founded on issues of credibility, conflicting testimony, the tight physical location of the vehicles and stationary objects, before and after impact, is a classic example of the type of case to be submitted to a jury.
There is no evidence of improper influences, manifest injustice, disregard of evidence or the law, prejudice, corruption or partiality.
The claims of plaintiff submitted in support of this motion are founded on speculation, guess, surmise and self-serving conclusions inadequate to be classified as "evidential underpinnings" CT Page 12757 to warrant setting aside the verdict for the defendants.
Motion denied.
John N. Reynolds State Trial Referee